STROM v. AMERICAN &c. MORTGAGE COMPANY.

SEIGLER v. SAME.

1. APPEALS—CASE.—Where it does not appear that any action was taken on a motion to amend the complaint, made before the Circuit Judge, no question as to such motion is properly before this court.

2. IBID.—INJUNCTIONS—SALE.—Motions for preliminary injunctions and to dissolve them are ordinarily addressed to the discretion of the Circuit Judge, and his determination is not appealable; but where the injunction is absolutely essential to the assertion and preservation of a legal right, an order of dissolution is appealable; as, in this case, where, without injunction, the property of a married woman, pending the claim that her mortgage was invalid, might be disposed of under a power of sale in such mortgage.

3. IBID.—IBID.—MARRIED WOMAN.—The want of power on the part of a married woman to mortgage her separate property ought not to be conclusively determined on affidavits.

4. MARRIED WOMAN—SALE—INJUNCTION.—Where a married woman was without power to execute a mortage, a sale under a power contained in such mortgage should be perpetually enjoined.

5. PRACTICE—TRIAL—WAIVER.—Objection that an affidavit was not made before an authorized officer would seem to be waived where the affidavit was received without objection at the time.

6. AN EXCEPTION alleging error "in holding that the temporary order of injunction herein was irregularly issued, and in dissolving the same," is not too general.

7. INJUNCTION—MARRIED WOMAN—SALE.—A temporary injunction was properly granted on a complaint and affidavit which set forth that the defendant was about to sell the land of plaintiff, a married woman, under the power of sale contained in a mortgage executed by her to secure a debt of her husband.

8. IBID.—STAY OF PROCEEDINGS.—The provision in section 402 of the Code which forbids the granting of an *ex parte* order to stay proceedings for a longer time than twenty days, seems to relate to proceedings in court and not to interlocutory injunctions; and if disregarded, the order would be inoperative after twenty days, but not irregular *ab initio*.

Before HUDSON, J., Edgefield, October, 1893.

These were two actions against the American Freehold Land Mortgage Company of London, Limited, one by Mary A. Strom and the other by Mary M. Seigler.

7—42

*Messrs. S. McG. Simkins* and *Folk & Folk*, for appellants.

*Messrs. Allen J. Green, John T. Sloan, jr.*, and *H. P. Green*, contra.

July 27, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. These two cases, presenting the same facts substantially, and involving the same legal questions, were, by consent of the parties, heard and will be considered together. For convenience of phraseology our remarks will be applied to the first named case, but what we shall say in that case must be regarded as equally applicable to the second case.

At the proper time a motion to dismiss the appeal was made, but as that motion was based solely upon the ground that the order from which the appeal was taken was not appealable, the court thought it best to defer any decision of the motion to dismiss the appeal until after the whole case was heard, as the court would be better enabled, after hearing the whole case, to determine whether the matter sought to be appealed from, is appealable. We will, therefore, proceed first to dispose of the motion to dismiss the appeal. For this purpose a condensed statement is necessary.

On the 4th of March, 1887, the plaintiff, then and yet being a married woman, executed a mortgage of certain real estate to the defendant company to secure the payment of her promissory note, which became due and payable on the 1st of March, 1892. This mortgage contained a provision empowering the defendant company to sell the mortgaged premises upon default in payment of the mortgage debt at maturity, and the defendant company, under this power of sale, advertised the mortgaged premises for sale on the 2d day of October, 1893. Thereupon the plaintiff commenced this action, alleging in her complaint, which was verified, that the contract sought to be enforced by the sale of the mortgaged premises was usurious by reason of the fact that, at the time said loan was made, twenty per cent. thereof, to wit: the sum of eighty dollars, was reserved by the agents of the defendant company, with the

knowledge of said company, as their compensation for their services in negotiating said loan; and also alleging that such contract was not such an one as she had the power to make, being a married woman at the time; and praying: 1st. That the note and mortgage be adjudged and declared usurious and illegal, and that she may have judgment for the penalties in such case provided.    2d. That said note and mortgage be declared null and void, and that the same be cancelled.    3d. That defendant be perpetually enjoined from selling the mortgaged premises, and for such other and further relief as to the court may seem meet and proper.

An *ex parte* application for an injunction was made to his honor, Judge Ernest Gary, based upon the verified complaint, together with an affidavit of J. P. Strom, the husband of the plaintiff, in which, amongst other things, he states that he was well acquainted with all the facts and circumstances attending the negotiations for the loan, made with one Lockhart as the agent of defendant company, and that said Lockhart was distinctly informed and well knew that the money was borrowed to pay deponent's own debts, and that his wife would sign the mortgage to secure the loan, in order that he (the husband) might get the money; that the plaintiff never received any part of the money, but the whole of it was applied to the payment of his own debts, and none of it was applied to the use of the plaintiff, or for the benefit of her separate estate, in any shape or form whatsoever; and that when said loan was perfected, the said Lockhart deducted therefrom the sum of eighty dollars, twenty per cent. of the amount of the loan, claiming the same as his commissions for his services in negotiating the loan.    Upon this showing, Judge Gary, on the 27th of September, 1893, at chambers, granted an order enjoining the defendant from selling the mortgaged premises until the further order of the court, with leave to defendant to move, before him or some other Circuit Judge, on ten days notice, to dissolve said injunction.

The defendant gave notice that on a day therein specified a motion would be made before his honor, Judge Hudson, at his chambers, to vacate the said injunction, "because the same was

irregularly issued, in that: 1. It does not appear from the said complaint and affidavits that the plaintiff is entitled to the said injunction.　2. It does appear from the said order of injunction that the same is in violation of section 402 of the Code.　3. And further, that the said order of injunction was improvidently granted; and in support thereof will rely upon the attached affidavit."　A copy of the affidavit thus referred to is set out in the "Case" as follows (omitting the venue): "I, Mary E. Strom, being first duly sworn, do depose and say that the money received on loan negotiated for me by Mess. Tutt & Lockhart, of Augusta, Ga., and secured by mortgage, dated 4th day of March, 1887, given to the American Freehold Land Mortgage Co. of London, Limited, is not to be used in payment of my husband's debts, but for my sole use and benefit.　(Signed) Mary A. Strom.　Subscribed and sworn to before me and in my presence, by Mrs. M. E. Strom, this 4th day of March, 1887. (Signed) S. C. Cartledge. (L. S.)"

In response to this affidavit the plaintiff presented her affidavit, which purports to have been duly sworn to before a notary public on the 30th of October, 1893, in which she deposes as follows: "That on the day said affidavit is purported to have been executed, that she signed a number of papers for securing the loan herein, being notes for the principal sum, coupon notes for the interest, and a mortgage to secure both. That she intended to sign said papers, and they were the only ones that she was informed she was expected to sign, and that when she signed said papers on that day, they were the only ones she intended to sign, and had no knowledge or information of any others.　That if she signed said alleged affidavit, this deponent says she was never sworn, and that she did not know its purport, or the contents thereof, and the statements thereof were entirely inconsistent with the facts then in the knowledge of this deponent and the agent, or agents, of the company."

When the motion came before Judge Hudson, and before the pleadings were read, plaintiff moved, without previous notice to defendant, for leave to amend her complaint, "by alleging tender under the plea of usury, but no tender has ever

been made." Inasmuch as it does not appear that any ruling was made, or any other action taken upon this motion to amend, that matter is not before us, and may be dismissed from the case. The motion to dissolve the injunction was heard by his honor, Judge Hudson, upon the papers hereinbefore stated and set out, and on the 19th of November, 1893, he granted a short order, in which no reasons whatever are stated or even indicated, dissolving the injunction.

This being the nature of the case, which we have deemed it necessary to state fully, and perhaps at unnecessary length, the first question which confronts us is whether the order of Judge Hudson is appealable. While it may be true that motions for injunction and to dissolve temporary injunctions are, to some extent at least, addressed to the discretion of the court, and are, therefore, not appealable, yet we are not prepared to go to the extent of holding that in *no* case is an order dissolving a temporary injunction appealable; and we do not think that any of the cases cited by counsel for respondent require us to go to that extent. On the contrary, it is not difficult to conceive of cases in which the remedy by injunction is absolutely essential to the assertion and preservation of the legal rights of a party, and in such a case to deny the right of appeal would be to deny a legal right secured to the citizen by the Constitution and laws of this commonwealth. This case, it seems to us, in one of its aspects at least, presents an instance falling into the class mentioned. For, passing by the question of usury, and looking alone to the other ground upon which the plaintiff claims relief, to wit: that the mortgage under which the defendant is proposing to sell the plaintiff's land was not such a paper as the plaintiff, being a married woman, had the power to execute under the law as it stood at the date of the mortgage, it is very obvious that, if the sale is allowed to proceed, under the case of *Neal* v. *Bleckley*, 36 S. C., 478, the plaintiff will be deprived of her legal right to have the question of her power to make the mortgage determined by the proper tribunal constituted for that purpose. Whether the plaintiff will be able to establish her claim of want of power to execute the mortgage, is a question entirely

foreign to the present inquiry; and we do not desire to be regarded as expressing, or even intimating, any opinion as to that question. The only inquiry here is whether she shall be denied the opportunity of making that question, and of having it determined by the tribunal constituted for the trial of such a question. We do not think that such a question can be conclusively determined, under a motion before a Circuit Judge, heard at chambers upon affidavits merely. It follows, therefore, that a motion to dismiss the appeal must be refused.

The appeal from the order of Judge Hudson is based upon the several grounds set out in the record. The first ground, as we have already intimated, cannot be considered because we find nothing in the "Case" upon which it can be based; for it does not appear that any ruling of any kind was made as to the motion for leave to amend. The second and third grounds, relating to the question of usury, need not be considered under the view which we take of the case.

The fourth, fifth, sixth, and seventh grounds, all relating to the question whether the plaintiff, being a married woman, had the power to execute the mortgage, have already been practically disposed of by what we have said in considering the motion to dismiss the appeal. If the plaintiff shall, on the trial of this case upon its merits, be able to establish her claim in this respect, then under the recent case of *Dunbar* v. *Foreman*, 40 S. C., 490, she would be entitled to have the injunction granted by Judge Gary made perpetual.

The eighth ground presents the question whether the affidavit made by the plaintiff on the 4th of March, 1887, and offered by defendant in support of the motion to dissolve the injunction, "was duly and legally *executed* by her"—by which we suppose is meant *sworn* to by her. This ground was not pressed in the argument here, but we presume it is based upon the fact that it purports to have been sworn to before one S. C. Cartledge, without any addition of his official title, showing that he was competent to administer an oath; but as there does not appear to have been any objection when it was offered, on that or any other ground, the objection

might, possibly, be regarded as waived.    At all events, under the view which we take, the matter becomes unimportant.

The ninth ground is in these words: "Because his honor erred in holding that the temporary order of injunction herein granted was irregularly issued, and in dissolving the same." This ground is objected to by respondent as too general to be considered, and the case of *Garlington* v. *Copeland*, 25 S. C., 41, is cited to sustain that objection.    That case, however, does not, in our judgment, sustain the objection. There his honor, Judge Cothran, granted an order continuing in force a previous restraining order until a hearing on the merits, stating his reasons, and the sole ground of appeal was: "Because his honor erred in making said order, which is contrary to law," and it was held to be too general.    Here, however, the ninth ground does state specifically that Judge Hudson erred in holding that the temporary injunction was irregularly issued, and as that was one of the grounds upon which defendant based the motion to dissolve the injunction, plaintiff's counsel might well assume that such ground was sustained in dissolving the injunction.    We see nothing irregular in the order of Judge Gary granting a temporary injunction.    If the facts stated in the complaint were true, as must be assumed in considering a question of irregularity, then, as we have seen, the injunction should have been granted, until the hearing on the merits.

The second ground stated in the notice of the motion to dissolve the temporary injunction, to wit: that "It does appear from the said order of injunction that the same is in violation of section 402 of the Code," cannot be sustained.    In what respect the order of Judge Gary violates that section has not been pointed out; and a careful reading of the section fails to disclose any such violation.    The section is divided into eight subdivisions, and the only one of which that could, by any possibility, be regarded as sustaining the defendant's position is the sixth, which forbids the granting of any order "to stay proceedings" for a longer time than twenty days, except upon previous notice to the adverse party.    But the words quoted, as we understand them, relate to the pro-

ceedings of some court or some process issued by its authority, and do not refer to an injunction addressed to a private individual. At all events, even if we are in error in this construction, the only effect would be to render the restraining order nugatory after the lapse of twenty days, but would not make it irregular *ab initio*. The third ground upon which the motion to dissolve was based has already been practically disposed of.

The judgment of this court is, that the orders of Judge Hudson dissolving the injunction in each of the cases be reversed, and that the cases be remanded to the Circuit Court for a hearing on the merits, and that in the meantime the temporary injunction be continued until dissolved by proper authority.