*EX PARTE* JETER, *IN RE* STOKES v. JETER.

1. MORTGAGE—HOMESTEAD—CONSTITUTION.—The provisions of the Constitution of 1895 relating to alienation of homestead are not retroactive, and a mortgage of a homestead assigned before that

Constitution, but executed after, does not require the signature of both husband and wife to make it valid.

2. INJUNCTION.—Where the facts alleged do not present proper case for injunction, it is not error to dissolve temporary injunction.

Before KLUGH, J., Spartanburg, March, 1901.   Affirmed.

Petition by Jno. C. P. Jeter in case of Wm. T. Stokes, Jr., against Luella C. and J. Coleman Jeter.   From order dissolving temporary injunction, petitioner appeals.

*Messrs. Carson & Scaife,* for appellant, cite: *Constitution of 1895 applies to homesteads set off prior to its adoption.* Con. 1895, art. III., sec. 28; 15 Ency., 610, 611, 615, 528, 532; 41 S. C., 109; 21 S. C., 378; 57 S. C., 526; 22 Stat., 190; 21 S. C., 381.   *It was error to dissolve injunction:* 54 S. C., 473; 60 S. C., 569.

*Messrs. Munro, Duncan & Sanders,* contra, cite: *Homestead was set apart to Mrs. J. under Con. of 1868, and was her separate estate:* 19 S. C., 242; 20 S. C., 248; 21 S. C., 136; 55 S. C., 130; *and title being in her, she had right to mortgage it:* 7 S. C., 19; 10 S. C., 40; 25 S. C., 484.   *Retroactive law cannot take away a vested right:* 3 Ency., 1 ed., 758; 19 S. C., 244; Cool. on Con. Lim., 357.   *But Con. of 1895 is not retroactive:* 52 S. C., 127.

July 14, 1902.   The opinon of the Court was delivered by

MR. JUSTICE JONES.   The appeal in this case is from the following decree of Judge Klugh, which recites the facts: "It appears that in 1890 a homestead in the premises described in the complaint in this cause was set off to the defendant, Luella C. Jeter, she being at that time a married woman.   In 1900 she executed and delivered to the plaintiff a mortgage over this land, and at the February term of the Court of Common Pleas for Union County, 1901, judgment was rendered in this cause against the defendants for the foreclosure of the said mortgage.   On the 15th day of February,

1901, a petition was filed by Jno. C. P. Jeter, the husband of the defendant, Luella C. Jeter, setting out that he was her husband; that the land described in these proceedings had been set off as a homestead to Luella C. Jeter; that she had mortgaged this land to the plaintiff, but that he had not signed this mortgage; and praying that the master for Union County be restrained and enjoined from selling said premises, and that he be made a party to said cause and be allowed to come in and answer. On this petition his Honor, Judge Townsend, granted a temporary injunction, and the matter comes before me on a motion made by the plaintiff to vacate and set aside this injunction. After hearing argument, I am satisfied that the Constitution of 1895 is not retroactive, and that the husband has no such rights in a homestead set off to a wife prior to the adoption of this Constitution, as the petitioner, John C. P. Jeter, now claims. I am, therefore, of opinion that the mortgage from the defendant, Luella C. Jeter, to the plaintiff is good, and that the signature of the petitioner is not necessary to give it validity.

"It is, therefore, ordered and adjudged, that the temporary injunction heretofore granted by his Honor, Judge Townsend, be and the same is dissolved and set aside."

Appellant excepts to this order, alleging errors in holding:

"I. That the mortgage given by Luella C. Jeter to the plaintiff was a good and valid lien upon her homestead.

"II. That the provisions of the Constitution of 1895 prescribing method of waiving homestead by deed or mortgage applied only to homesteads set off since the adoption of the Constitution.

"III. In dissolving the injunction granted by Judge Townsend without giving petitioner an opportunity of establishing the facts set out in his petition."

We find no error. Constitutions, like statutes, must be construed as acting prospectively, unless a contrary intent appears by express language or necessary implication. No such contrary intent appears in art. III., sec. 28, relating to homestead exemptions. *Bank* v. *Kohn*, 52

S. C., 124; 29 S. E. R., 625.    The language of the Constitution is: "The General Assembly shall enact such laws as will exempt * * * a homestead * * * The title to the homestead *to be* set off and assigned shall be absolute and forever discharged from all other debts of the said debtor then existing or thereafter contracted except as hereinafter provided * * * *Provided, further,* That after a homestead in lands has been set off and recorded, the same shall not be waived by deed of conveyance, mortgage or otherwise, unless the same be executed by both husband and wife, if both be living * * *" The homestead having been assigned before the adoption of this Constitution, is not affected by the provisions restricting alienation or waiver thereof.

The facts alleged in the petition did not, therefore, present a proper case for injunction, and in such case it was not error to dissolve the temporary injunction. *Cudd* v. *Calvert,* 54 S. C., 457, 32 S. E. R., 503.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be affirmed.