JORDAN v. WILSON.

1. JURISDICTION—INJUNCTION.—A CIRCUIT JUDGE cannot review his own order granting a temporary restraining order made on a complaint stating a cause of action for injunction and irreparable injury, on notice, after hearing both sides, except in some extraordinary emergency subsequently arising.

*Bouknight* v. *Davis,* 33 S. C., 410; *ex parte Jeter,* 64 S. C., 406, *distinguished from this.*

2. WAIVER—ESTOPPEL.—AN APPEAL, after return filed, cannot be dismissed or abandoned except according to rules and practice of this Court. May appellant waive or be estopped from prosecuting an appeal by giving notice of abandonment?

Before PURDY, J., Florence, August, 1903.   Affirmed.

Action by Hewett P. Jordan against Thomas Wilson. From order refusing to set aside temporary restraining order, defendant appeals.

*Messrs. Wilcox & Wilcox,* for appellants, cite: *As to dissolving a temporary injunction:* Code of Proc., 335, 336, 246; Spell. Ex. Relief, secs. 1054, 28; Dan. Ch. Pl. & Pr., 5 ed., 1599, 1600, 1602, 1603, 1604; Beach's Mod. Eq. Prac., vol. 2, 780, 783, 791; 33 S. C., 410; 7 S. C., 486; 64 S. C., 405. *As to abandoning appeal:* 52 S. C., 505; 66 S. C., 539; 14 Rich., 118; 1 N. & McC., 110; 3 Rich., 281.

*Messrs. Moise & Clifton* and *S. W. G. Shipp,* contra (oral argument).

April 25, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action for injunction to restrain defendant, his agents and servants, from trespassing on the lands described in the complaint. On April 23d, 1903, Judge Purdy issued a temporary restraining order and rule against defendant, to show cause, returnable on May 2, 1903. The defendant answered and made return thereto on June 1, 1903. Judge Purdy ordered that the injunction should be continued until the further order of the Court. From that order the defendant appealed to this Court, and subsequently gave notice to plaintiff's attorneys that the appeal was abandoned. The defendant gave notice of motion before Judge Purdy, on August 4th, 1903, for an order dissolving the order of injunction granted on June 1st, 1903. Thereupon Judge Purdy, on August 17th, 1903, passed the following order, from which comes this appeal: "A motion was made before me to set aside the restraining order heretofore granted by me in this cause. At the hearing of the motion a very full showing was made, and the defendant insisted that a court of equity would not lend its aid to do or to continue in force that which appeared from the defendant's standpoint to be an unconscionable thing, viz: to continue the restraining order under the showing now made in reference to the object of the suit. Since the statutes define and limit the powers of the Circuit

Court, I have no jurisdiction or authority beyond the statutes; and no matter what views I now entertain of the case, as now presented, after the most serious consideration, I must refuse the motion for two reasons, and solely for this reason, viz: (1) I have no authority, under sections 335-6 and 246 of the Code of Civil Procedure, to interfere; and while this is a sufficient reason, there is another, viz: (2) The case has not been, in my opinion, removed from the Supreme Court by competent authority. *State* v. *Johnson,* 52 S. C., 505."

The exceptions assign error in refusing the motion on the ground stated.

1. The order of Judge Purdy, which he was asked to set aside, is as follows: "On hearing the return to the rule to show cause, why a temporary injunction should not be issued in this cause, it is ordered, that the temporary restraining order be and the same is hereby continued of force, pending the hearing of the cause on its merits, and until the further order of the Court, restraining the defendant, his agents and servants, from doing or committing any of the acts complained of in the complaint. The complaint states a cause of action for an injunction, showing on its face irreparable injury, notwithstanding the ample solvency of the defendant; and as I understand the rule as laid down in *Oil Company* against *Oil Company,* 62 S. C., pages 220 and 221, whenever this appears, a temporary restraining order should be granted. It is further laid down in that case that it must always be remembered that the Circuit Judge is not able to and cannot pass upon questions making up the merits of the action in applications for a temporary injunction.

"In this case, the plaintiff alleges that the defendant is about to do certain acts, and the defendant, by his answer, practically admits so much of the complaint as makes such allegations, but denies their effect, and, besides, justifies by setting up a deed granting him a right of way over the land acquired prior to the rights of the plaintiff. All of these are

matters properly to be heard on the merits, and no matter what may be the final result of the case, I cannot pass upon these matters now, for the reason that I would thereby practically hear and determine the case on its merits, and the plaintiff is entitled to have a hearing either in open court or otherwise, as may be determined, with witnesses to be then examined.    But within ten days from the date of this order, the plaintiff must enter into an undertaking to the defendant in the sum of $250, with a surety or with sureties, to be approved by the clerk of this court, to the effect as is provided in sec. 243 of the Code of Civil Procedure of this State, or the terms of the said order may be disregarded."

It thus appears that the order sought to be vacated was made after notice, upon hearing defendant, and upon a complaint stating a cause of action for an injunction showing on its face irreparable injury.

Sec. 335, Code Civil Procedure, provides: "The only mode of reviewing a judgment or order in a civil or criminal action shall be that prescribed by this title."    And sec. 336 provides: "An order, made out of Court, without notice to the adverse party, may be vacated or modified without notice by the Judge who made it, or may be vacated or modified on notice in the manner in which other motions are made."
Sec. 246 provides: "If the injunction be granted by the Court or a Judge thereof, without notice, the defendant, at any time before the trial, may apply, upon notice, to the Court, or a Judge thereof, in which the action is brought, to vacate or modify the same.    The application may be made upon the complaint and the affidavits on which injunction was granted, or upon affidavits on the part of the defendant, with or without the answer."

These provisions manifestly contemplate that a defendant may have an opportunity to be heard on the question of a temporary injunction; if he is not heard in the first instance, he may on motion to dissolve be heard.    Any subsequent application for a reconsideration of the question is in the nature of a review, which sec. 335 declares can only be had

as prescribed in the chapter regulating appeals. The case of *Bouknight* v. *Davis*, 33 S. C., 410, 12 S. E., 96, cited by appellant, is not authority to the contrary; for that was a case in which the motion was to dissolve a temporary injunction, issued *ex parte* and without notice, and the Court expressly declared that sec. 246 provided for such motion. The same may be said of the case of *Ex parte Jeter*, 64 S. C., 406, 42 S. E., 196. This is certainly the rule applicable in ordinary cases. It may be some extraordinary emergency, subsequently arising, might justify a Circuit Judge in modifying or vacating a temporary injunction granted upon hearing after notice; but in a case like the one under consideration, where the action is for the sole purpose of an injunction, and a temporary injunction is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it would be error of law to refuse to retain the temporary injunction. *Strom* v. *Am. Morg. Co.*, 42 S. C., 101, 20 S. E., 16; *Seabrook* v. *Mostowitz*, 51 S. C., 434, 29 S. E., 202; *Cudd* v. *Calvert*, 54 S. C., 457, 32 S. E., 503; *Oil Co.* v. *Ice Co.*, 62 S. C., 196, 40 S. E., 169; *Riley* v. *Charleston Un. Sta. Co.*, 67 S. C., 84, 45 S. E. Rep., 153.

2. We also agree with the Circuit Court on the second ground above stated. It appears that an appeal was taken from the order of June 1st, and return duly filed in this Court, thus giving the Court complete jurisdiction. The orderly conduct of business and the importance of preserving evidence of the disposition of cases in this Court, require that the appeal should be dismissed or declared abandoned, according to the rules and practice of this Court. One may doubtless become affected by the law of waiver or estoppel by giving notice of abandonment of appeal, but that is not the question here, which involves the assent of this Court to the disposition of causes within its jurisdiction.

The judgment of the Circuit Court is affirmed.