### REEVES v. COOK.

LIMITATION OF ESTATES—FEE CONDITIONAL.—Deeds conveying lands to "A. and the heirs of her body which she has or may have by B., her husband," and to "A. and the heirs of her body, which she now or may have by B., my son," does not convey a fee conditional to A., but a fee simple to A. and her children by B., as tenants in common.

Before WATTS, J., October, 1904. Reversed.

Action by Mary M. Reeves, Tyrena J. Scott, Ellen J. Ramsey, Lucinda M. Pace, Jno. H. Gardner, and Dora A. Torrence against Geo. R. Cook. From Circuit decree, plaintiffs appeal. The following are the deeds in question:

"Know all men by these presents that I, William Gardner of the State and county aforesaid, for the love and affection which I have for Gilly Ann Gardner, my daughter-in-law, bargain, sell and release a certain tract of land in said county on the waters of Dry Creek (description here) 250 acres, more or less, together with all and singular the rights, members, hereditaments, to have and to hold the same. I, William Gardner do give and grant unto the said Gilly Ann Gardner and the heirs of her body which she has or may have by M. L. Gardner, her husband, against myself, my heirs, executors, administrators or assigns, unto Gilly Ann Gardner and the heirs of her body as above named. I do now warrant and forever defend the same against myself, my heirs, executors, administrators and assigns or any other

person or persons lawfully claiming same or any part thereof.

"In testimony whereof I have hereunto set my hand and seal this February 26th, 1868.

his mark.

"WILLIAM X GARDNER, [L. S.]"

"Know all men by these presents that I, William Gardner, of the State and county aforesaid, do this day for and in consideration of the sum of six hundred to me in hand paid by Gilly Ann Gardner, of the same State and county; and also she is to care for me and my wife in old age, bargain, sell and release, and by these presents have granted, bargained, sold, released and conveyed unto the said Gilly Ann Gardner and her heirs, that she has now or may have by M. L. Gardner, my son, a certain tract, piece or parcel of land, (description here), 147 acres more or less; together with all and singular the hereditaments, appurtenances and premises above mentioned unto Gilly Ann Gardner and her heirs that she has now or may have by M. L. Gardner, my son; against myself, my heirs, executors, administrators or assigns.

"I warrant and forever defend·the same against myself, or any other person or persons lawfully claiming the same or any part thereof. In testimony whereof I have hereunto set and affixed my hand and seal this May 29th, in the year of our Lord, A. D. 1875.

"Signed, sealed and delivered in the presence of us.

his mark.

"WILLIAM X GARDNER, [L. S.]"

*Messrs. Green & Hines,* for appellant, cite: 42 S. C., 342; 39 S. C., 271; 67 S. C., 133; 3 Rich. Eq., 158; 23 S. C., 238; 67 S. C., 134; 28 S. C., 125; 64 S. C., 216.

*Mr. T. Y. Williams,* contra, cites: 2 Bay, 398; 14 S. C., 608; 47 S. C., 288; 122 Ill., 317; 27 Ind., 484; 47 S. C., 288; 21 S. C., 368; 17 S. C., 551.

March 31, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   William Gardner on February 26, 1868, executed a deed conveying a tract of land, containing two hundred and fifty acres, to "Gilly Ann Gardner and the heirs of her body which she has or may have by M. L. Gardner, her husband, against myself, my heirs, executors, administrators or assigns, unto Gilly Ann Gardner and the heirs of her body as above named."   On May 29, 1875, William Gardner conveyed another tract of land containing one hundred and forty-seven acres to "Gilly Ann Gardner and her heirs that she has now or may have by M. L. Gardner, my son, * * * together with all and singular the hereditaments, appurtenances and premises above mentioned unto Gilly Ann Gardner and her heirs that she has now or may have by M. L. Gardner, my son."

Gilly Ann Gardner had children by her husband, M. L. Gardner, when these deeds were executed, and other children were born afterward.   M. L. Gardner, the father, William Gardner, the grand-father, and eight of the children, died after the execution of the deeds, the children dying without issue and unmarried.   The plaintiffs are the surviving children of Gilly Ann Gardner and M. L. Gardner, and the only heirs of their grand-father, William Gardner.   On January 22, 1878, Gilly Ann Gardner, M. L. Gardner and William Gardner undertook to convey one hundred and sixty-seven acres of the land in fee simple to the defendant, who is now in possession; and on February 22, 1878, Gilly Ann Gardner and M. L. Gardner undertook to convey one hundred and fifty-three acres in fee simple to D. L. Blackwell, and defendant is now in possession of this land also, under a deed from Blackwell's grantee.   The plaintiffs brought this action for partition, claiming that under the terms of the deeds from William Gardner above recited they took the land as tenants in common with their mother.   The referee, to whom the cause was by consent referred, dismissed the complaint, holding that Gilly Ann Gardner took a fee condi-

tional, and consequently her conveyance, after issue born to her and M. L. Gardner, defeated all claims of the plaintiffs. The Circuit Court took the same view and overruled the exceptions to the report.

In two old English cases, *Gossage* v. *Taylor,* Stiles' Rep., 325, and *Robinson* v. *Wharrey,* 2 W. Bl., 728, it was held, where the limitation is to the wife for life, with remainder to the heirs to be begotten on the body of the wife by the husband, no estate tail was created, and the heirs took as purchasers. These cases are cited in 2 Jarman on Wills, \*341, without dissent, but the authority of Gossage *v.* Taylor seems to be questioned in Fearne on Remainders, 38, and so far as we can discover its doctrine has not been followed. The true rule is thus stated in 2 Blackstone, \*114: "Tenant in tail special is where the gift is restrained to certain heirs of the donee's body, and does not go to all of them in general. And this may happen several ways. I shall instance in only one; as where lands and tenements are given to a man and the *heirs of his body on Mary his wife now to be begotten;* here no issue can inherit but such special issue as is engendered between them two; not such as the husband may have by another wife; and, therefore, it is called special tail.' And here we may observe that the words of inheritance (to him and his *heirs*) give him an estate in fee; but they being heirs *to be by him begotten,* this makes it a fee-tail; and the person being also limited, on whom such heirs shall be begotten (viz: *Mary, his present wife*), this makes it a fee-tail special." Sheppard's Touchstone, 422; 3 Jarman on Wills (5th Am. ed.), 90; 1 Washburn on Real Property, \*75; *Lehndorf* v. *Cope,* 13 N. E., 505 (Ill.); *Pierson* v. *Lane,* 14 N. W., 90 (Iowa); *Reed* v. *Lane,* 26 S. W., 957 (Mo.). If, therefore, the deeds here under consideration had been made to Gilly Ann Gardner for life, and at her death to the heirs of her body to be begotten by her husband, M. L. Gardner, she would have taken a fee conditional, and having had issue by M. L. Gardner, her conveyance would have conferred a fee simple title on her grantee. In such cases the

devise or grant to A. for life and at her death to the heirs of her body, or the issue of her body to be begotten by her husband, B., is held to refer to an indefinite succession of heirs of the body, the issue of a particular marriage.

The terms of the deed under consideration, however, are not so general. The conveyance is not to Gilly Ann Gardner for life and then to her heirs general or special, but in one deed to her and "the heirs of her body which she *has* or may have," in the other to her and "her heirs that she has now or may have" by the grantor's son, her husband. This manifestly was a grant not to issue or heirs of the body in indefinite succession, but to issue already born of her in actual existence at that time or to be afterward born of her, the fruit of the marriage with the grantor's son, M. L. Gardner. Clearly, therefore, the words must be limited to mean children. A grant or devise direct to the "heirs" of a living person has been often held to mean the children of such person, as distinguished from heirs generally or heirs of the body in indefinite succession. *Holeman* v. *Fort,* 3 Strobh. Eq., 66; *Bailey* v. *Patterson,* 3 Rich. Eq., 156; *Lott* v. *Thompson,* 36 S. C., 38, 15 S. E., 278; *Shaw* v. *Robinson,* 42 S. C., 342, 20 S. E., 16. Here the grant was not only to the heirs of a living person without any intervening life estate, but the word "heirs" was so qualified as to leave no possible room to doubt that it was intended to mean children. The intention to limit the meaning is even more clearly expressed than in the deed construed in *Duckett* v. *Butler,* 67 S. C., 130, which was held not to convey a fee conditional. This case seems conclusive of the question here under consideration. See, also, *Sullivan* v. *McLaughlin,* 11 So., 447 (Ala.).

It follows that the deeds from William Gardner did not convey a fee conditional, but under them Gilly Ann Gardner and her children, including those born afterward, took as tenants in common. *Mellichamp* v. *Mellichamp,* 28 S. C., 125, 5 S. E., 333; *Sease* v. *Sease,* 64 S. C., 26, 41 S. E., 898.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.