8180

GUY v. OSBORNE.

Wills—Limitation of Estates—Life Estate.—In a devise to my nephew S. "during his natural life * * * and at his decease to his surviving issue. But should my said nephew die without any surviving issue of his body, the said lands, herein bequeathed to his children, I allow to descend" to others specified, the words "surviving issue" are

used in the sense of his surviving children, and at his death the lands
descend to those children who survive him.

Before WATTS, J., York, September, 1911.   Reversed.

Action by Martha C. Guy against Martha E. Osborne and
Mary A. Rainey.   Both parties appeal.

*Messrs. Hart & Hart,* for plaintiff, cite: *"Issue" is either
a word of purchase or of limitation:* 2 W. E. K. B. 323; 86
S. C. 336; 17 Wall. 642; 1 Y. & C. Eng. Exch. 606; 89 S. C.
561; 5 Rich. Eq. 572.   *As to the word "surviving:"* 26 S.
C. 463; 37 S. C. 268; 6 Rich. Eq. 95; 39 S. C. 143; 57 Pa.
St. 386; 10 S. C. 365.   *Intention of testator should govern:*
29 S. C. 470; 59 S. C. 148; 82 S. C. 10; 10 S. C. 363; 61
S. C. 164; 3 Pit. 377; 19 S. C. 351; 59 S. C. 148; 71 S. C.
188; O'Hara on Con. Wills 29; 4 Kent. Com. 535; 3 Rich.
Eq. 574; 86 S. C. 450; 46 S. C. 265; 44 S. C. 523; 11 S. C.
358; 84 N. Y. 518.   *Will must be construed as a whole:* 9
S. C. 229; 29 S. C. 470; 59 S. C. 148; 62 Am. St. R. 361.
*Children is a word of purchase:* 59 S. C. 160; 67 S. C.
135, 309; 83 S. C. 268; 86 S. C. 450; 11 S. C. 357.

*Messrs. Witherspoon & Spencers* and *J. S. Brice,* for
defendant, Rainey.   *Messrs. Witherspoon & Spencers* cite:
*A devise to one's surviving issue is to his descendants under
the statute of distributions:* 89 S. C. 198.   *Issue is an apt
word of limitation:* 89 S. C. 198.   *Being such here the rule
in Shelley's case applies:* 2 Rich. Eq. 52; 84 S. C. 468; 29
L. R. A. (N. S.) 935; 1 Rich. Eq. 404; 2 Strob. Eq. 174;
3 Rich. Eq. 384; 4 Rich. Eq. 378; 48 S. C. 440; 89 S. C.
198; 150 N. C. 523; 2 Rich. Eq. 52.

*Mr. A. G. Brice,* for defendant, Osborne.

April 11, 1912.   The opinion of the Court was deliv-
ered by

Mr. Justice Woods. John Blair died in 1848, leaving a will which contained the following devise: "To my nephew, Samuel Blair, during his natural life, I give and bequeath *in trust,* and at his decease, I give and bequeath to his surviving issue, * * * my tract of land (describing the lands). But should my said nephew die without any surviving issue of his body, * * * the said lands * * * herein bequeathed to his children, I allow to descend the one-half to my nephew, John B. Lowrey, or to his children; and the other half to the children of my half cousin, James Blair, senr."

Samuel Blair, the devisee, married in January, 1848, and his first child was born in July, 1849, after the death of the testator. Two children of Samuel Blair, Martha C. Guy and John C. Blair, survived their father, who died in October, 1907; another child, Mary Agnes Patrick, predeceased her father, leaving children. The questions submitted to the Circuit Court and brought by appeal to this Court are: Did Samuel Blair take a fee conditional? If not, did the expression, "surviving issue," refer to issue generally, so that after the death of Samuel Blair the land passed to his surviving children, and the children of his predeceased daughter, or did testator so limit the meaning of the expression as to exclude all issue of Samuel except his children living at the time of his death. The Circuit Court held that at the death of Samuel his two surviving children each took one-third of the land, and the children of the deceased child, Mary Agnes Patrick, the remaining third.

The testator, by limiting the devise in remainder to the surviving issue of Samuel Blair instead of to his issue in indefinite succession, gave Samuel a life estate and not a fee conditional. *McCorkle* v. *Black,* 7 Rich. Eq. 407; *Gadsden* v. *DesPortes,* 39 S. C. 131, 17 S. E. 706; *Davenport* v. *Eskew,* 69 S. C. 292, 48 S. C. 223. The Court has recently held that the word issue used without qualification will be generally construed to have the same import as the words,

heirs of the body.    *Rembert* v. *Catoe,* 89 S. C. 198.    Therefore, if the words, "surviving issue," stood without further qualification all who were heirs of the body of Samuel Blair would take at his death in the proportion fixed by the statute of distribution.    But the words issue or heirs of the body are often construed to mean children, when the testator has clearly expressed his intention to use the words in that sense. *Duckett* v. *Butler,* 67 S. C. 130, 45 S. E. 137; *Rembert* v. *Catoe, supra; Reeves* v. *Cook,* 71 S. C. 275, 51 S. E. 93.    In saying immediately after the direct devise to Samuel for life and after his death to "his surviving issue," "the said lands * * * herein bequeathed to his children, I allow to descend," etc., the testator clearly indicated that he meant to use the words "his surviving issue" in the sense of his surviving children.    It follows that the remainder was to the surviving children of Samuel Blair to the exclusion of the children of a child who did not survive him.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.

MR. JUSTICE WATTS *disqualified.*