### 8634

#### STILL v. CREECH.

#### STILL v. EDGELLE.

WILLS—LIMITATION OF ESTATES—LIFE ESTATES.—A devise to L. during her natural life and at her death to the issue of her body and in case she should die leaving no such issue, then over, carries to L. only a life estate.

Before RICE, J., Barnwell, October, 1912.    Affirmed.

Two cases (1) Florence Still against Harlan L. Creech, and (2) same against Isabelle C. Edgelle. Defendants appeal.

*Messrs. J. A. Willis* and *J. O. Patterson* and *Bates & Simms,* for appellants. *Messrs. Willis & Patterson* cite: 3 Rich. Eq. 279; 7 Wall. 285; 77 S. C. 231; 91 S. C. 487; 1 Rich. Eq. 404; 3 Hill 193; 17 S. C. 551; 13 S. C. 117; 5 Rich. Eq. 443; 14 S. C. 610; 3 Hill 193; 48 S. C. 440; 52 S. C. 563; 7 Rich. Eq. 362; 9 Rich. 63; 3 Hill 193.

*Messrs. Bates & Simms* cite: 23 S. C. 47; 7 Rich. 407; 2 Strob. Eq. 175.

*Messrs. R. C. Holman* and *B. M. Darlington,* contra, cite: 4 Kent 228; Bail. Eq. 31; 7 Rich. Eq. 407; 26 S. C. 450; 23

S. C. 455; 39 S. C. 143; 69 S. C. 294; 59 S. C. 162; 91 S. C. 293.

August 7, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. These two actions were brought to recover possession of the tracts of land, described in the respective complaints, and, by consent, were heard together.

The appeal is from the decree of his Honor, the Circuit Judge, construing the will of Andrew Lee.

From the agreed statement of facts it appears, that Andrew Lee died in 1878, leaving of force his last will and testament, which was as follows:

"I give and bequeath unto my beloved wife, Anna Lee (after payment of my just debts), all my estate, both real and personal of whatever kind or nature, during her natural life, and at her death whatever may remain at that time, I give and bequeath unto Laura Sanders (my adopted daughter), daughter of William S. Sanders, during her natural life, and at her death to the lawful heirs of her body, share and share alike, but should she die leaving no such issue alive at her death, then to go to her brothers and sisters and the survivors of them. And the property so bequeathed, is not to be subject to the debts or contracts of any husband, she may have or intermarry with. But to be and remain for her sole and separate use and behoof."

That Laura Sanders intermarried with one Stinson, and died in December, 1903, leaving a son, who died intestate and unmarried, and a daughter, Florence, the plaintiff herein, who intermarried with one Still; and she and her children were at the time these actions were commenced, and are now, the only surviving issue of the said Laura Sanders.

That Anna Lee, widow of the testator, died prior to the death of Laura Sanders.

That Laura Sanders and some of her brothers and sisters, were living at the time of the execution of the said will, and several of her brothers and sisters, were living at the time of her death.

That the lands described in the complaint, were alienated by Laura Sanders, after the birth, and during the lifetime of issue born to her.

His Honor, the Circuit Judge, in construing the will, held, that Laura Sanders, took only a life estate, and that the heirs of her body living at the time of her death, took as purchasers, and not in fee conditional.

The exceptions assign error in said ruling.

The ruling of the Circuit Judge is sustained by the case of *McCorkle* v. *Black,* 7 Rich. Eq. 407, which is cited with approval in *Williams* v. *Kibler,* 10 S. C. 414; *Mendenhall* v. *Mower,* 16 S. C. 303; *Powers* v. *Bulwinkle,* 33 S. C. 293, 11 S. E. 971; *Gadsden* v. *Desportes,* 39 S. C. 131, 17 S. E. 706; *Selman* v. *Robertson,* 46 S. C. 262, 24 S. E. 187; *Davenport* v. *Eskew,* 69 S. C. 292, 48 S. E. 223; *Guy* v. *Osborne,* 91 S. C. 291, 74 S. E. 617.

Judgment affirmed.

MR. JUSTICE FRASER.  *I dissent.  I think Laura Sanders took a fee conditional and the condition being fulfilled her deed conveyed the fee.*