ROBINSON v. HARRIS.

Wills—Executory Devise.—If no time be fixed in a will for vesting of devises, they vest at death of testator, and a devise to my sister A. and her own children and to my nephew B. and his own children as long as they may live to each share and share alike, vests the land at death of testator in A. and B. and such children as they then have living, equally for life, and a child born to B. after death of testator, can take no interest as executory devisee or otherwise.

Before Prince, J., Anderson, October, 1905. Affirmed.

Action by B. C. Robinson against Ezekial Harris, individually and as executor of R. B. Robinson. From Circuit decree sustaining demurrer, plaintiff appeals.

*Messrs. W. N. Graydon, G. B. Greene* and *B. F. Martin,* for appellants. *Mr. Greene* cites: *The devise to the children of B. F. Robinson is good:* 13 Ency., 1 ed., 31, 34; 29 Ency., 1 ed., 411; Tiedeman on Real Prop., 2 ed., 533; 2 Peere Williams, 28; 30 Ency., 2 ed., 720; 2 Jar. on Wills, 6 ed., 180; 2 McC. Ch., 215. *Children of B. F. Robinson taking as executory devisees could become tenants in common with him and the others:* 2 Jar. on Wills, 6 ed., 181, 182, 271; 2 Minor Int., 4 ed., 468, 494; 11 Ency., 1 ed., 1058; 2 Black. Com. Chase Ev., 191; Tiedman on Real Prop., 2 ed., 241, 534; 2 P. Wms., 28. *Testator meant for Hannah Kay to have one share, her children one, B. F. Robinson one, and*

*his children one:* 1 Hill Ch., 319; 2 DeS., 56; 16 R. I., 212; 3 N. J., 489; 5 Rich. Eq., 27; 7 Rich. Eq., 125; 10 Rich. Eq., 1; 2 Hill Ch., 41.

*Messrs. Bonham & Watkins* and *Jos. N. Brown,* contra. The latter cites: *Devise was immediate and at once vested in B. F. Robinson and Eliz. K. Gaddis at death of testator:* 6 Coke, 17; 6 Rich. Eq., 92; 11 S. C., 294; 2 McC. Eq., 214. *Appellant cannot take as executory devisee:* 2 Black. Com., 173; 4 Kent. Com., 8 ed., 279; 2 Wash. on Real Est., 6 ed., sec. 1790; Pingsey on Real Prop., sec. 1029; 2 Rev. on Wills, 4 ed., 736. *To let appellant in, time of distribution must be fixed in future or depend on some contingency:* 2 McC. Eq., 256; 1 Strob. Eq., 283; 2 Strob. Eq., 1.

March 15, 1906. The opinion of the Court was delivered by .

MR. CHIEF JUSTICE POPE. The plaintiff's action was begun on April 11th, 1905, and had for its object the partition of two tracts of land in Anderson County, in this State, between the plaintiff and the defendant, according to certain portions set up therein, and also the payment of $1,861, alleged to be the share due to the plaintiff by the defendant of the rents and profits of said land from the first of June, 1883, to the commencement of this action. The defendant demurred to the complaint, which was heard and sustained by Judge Prince on the 5th of October, 1905. The plaintiff thereupon appealed from the decree of Judge Prince, and we now pass upon such appeal. In order that the contention between these parties may be understood, it would be well to reproduce said decree and the exceptions thereto.

### DECREE.

"This case came before me at my chambers by agreement of counsel on the demurrer of defendant to plaintiff's amended complaint. The plaintiff by this action seeks to recover of defendant an interest in certain lands described in

his complaint, which he alleges to be in defendant's pos-
session, and he founds his right of recovery on the following
facts which appear on the face of his complaint, to wit: That
on the      day of          1880, one R. B. Robinson died,
leaving of force his last will and testament, a copy of so much
of which as is here involved is as follows: '2d. I will and
bequeath all my interest to and in the homestead whereon I
now live, it being the old homestead of my father, John
Barr Robinson, now dec'd., and bought by my brother Jas.
A. Robinson, now dec'd., at master's sale containing THREE
HUNDRED AND TWENTY-FOUR acres, more or less.    This said
tract of land I give and bequeath all my interest in to my
sister, Hannah Kay, and her own children heirs of her body,
and Benj. F. Robinson, my nephew, who lives with me, and
his own children as long as they may live to each share and
share alike in this said tract of land, and after the death
of my sister Hannah Kay and her own children, and after the
death of said B. F. Robinson and his own children, after all
these deaths, then I will the same to Ezekiel Harris and his
heirs, and also I will and bequeath my tract of land adjoining
this aforesaid homestead known as the Evans tract contain-
ing FIFTY acres, more or less, to be disposed of just as the
aforesaid homestead tract to the same persons herein named
and in the same way.'

"The complaint on its face shows that the plaintiff is the
son of the Benj. F. Robinson named in said will and therein
described as the nephew of testator.    That he attained his
majority June 1, 1904.    He was, therefore, born June 1st,
1883, about three years after the death of the testator.    That
at the time of the death of testator, and also at the time of the
making of the will, Benj. F. Robinson, the nephew therein
named, was unmarried and had no children.    That after the
death of testator, Benj. F. Robinson married and there were
born unto him two children, the plaintiff, and one other, who
died in infancy.    The defendant, by his demurrer, raises the
question whether or not the plaintiff, who was not *in esse*
at the time of the death of testator, can take anything under

the will. He contends that the devise to the children of Benj. F. Robinson, there being none *in esse* at the date of the testator's death, failed from the want of an object. The plaintiff, on the other hand, contends that he took under the will when he came into being by way of executory devise. After careful investigation and mature deliberation, I am forced to the conclusion that defendant's demurrer must be sustained.

"Had the devise been to B. F. Robinson and his children in fee and to none others, and at the death of testator B. F. Robinson had had no children *in esse,* there can be no doubt that B. F. Robinson would have taken a fee conditional in the whole. After born children would not have taken as purchasers, and the word children would have been construed as a word of limitation, so as to enlarge the estate of the father. Had the devise been to the children of B. F. Robinson, and none others, and B. F. Robinson had had no children *in esse* at the time of the death of the testator, but had subsequently had a child born to him, the after born children could probably have taken by way of executory devise, the vesting of the estate being future by operation from the non-existence of the object, and not future limitation. 2 Jar. on Wills, 5th ed., at page 483; *Gore* v. *Gore,* 2 P. Williams, 28; *Bullock* v. *Stones,* 2 Ves. Sr., 521.

"But this is not the provision of the will under consideration. Here the devise is to Hannah Kay and her children and to Benjamin F. Robinson and his children, share and share alike, as long as they live. The gift is immediate and is to Hannah Kay and all her children and Benj. F. Robinson and all his children, share and share alike. The fact that Hannah Kay predeceased the testator can't affect the construction. It is perfectly clear that testator intended each of the children of Hannah Kay and Benjamin F. Robinson to take *per capita.* Let it be observed that testator does not devise one moiety to Hannah and her children, and the other moiety to Benjamin and his children, but the entire tract of land is to be divided between these two ascertained indi-

viduals and their children, so that each child should share equally with the ascertained individuals and every other child. The quantity of land to be taken by each was here made to depend on the total number of the children who were to share in the estate. The gift here being immediate, the share of each was fixed by the number in existence at testator's death. Whether the share of Hannah Kay who predeceased testator passed to the other devises under the residuary clause of the will or failed from want of an object, it is not necessary here to decide. Her daughter, Elizabeth Kay Gaddis, and Benj. F. Robinson were entitled to partition and to their several shares of the land devised on the death of testator. This would necessarily exclude the after-born children of Benj. F. Robinson, just as much so as the children *in esse* at the death of the testator will take to the exclusion of after-born children in a case where lands are devised to an ascertained individual and children as a class, share and share alike, the gift being immediate, that the ascertained individuals and those children who are *in esse* at the death of testator would take to the exclusion of after-born children. It should be remembered that the testator here does not give any definite proportion of his estate to the children of B. F. Robinson, but provides that they shall share alike, not only with their father, but with Hannah Kay and her children. Had he devised a definite proportion, as one-fourth of the land, to the children of Benj. F. Robinson, then probably the position so ably maintained on behalf of plaintiff by his very learned and industrious counsel would be correct. As it is, I think his complaint clearly shows on its face that he has no interest in said lands, especially so as he bases his entire claim to the land on the will of R. B. Robinson.

"It is, therefore, ordered, adjudged and decreed, that the demurrer of the defendant to plaintiff's amended complaint be and the same is hereby sustained, and that said amended complaint be and the same is hereby dismissed. Let the grounds of the demurrer hereto attached be filed with and recoorded as a part of this decree."

EXCEPTIONS.

"I. Because his Honor erred in sustaining the first ground of the demurrer herein, which is as follows: 'That it appears on the face of the complaint that the said R. B. Robinson departed this life before the birth of said plaintiff, and he, not being *in esse* at the time of the death of said testator, is not entitled to any interest in said real estate by virtue of said will.' It is respectfully submitted that the plaintiff, not being *in esse* at the death of said testator, takes under the will by executory devise.

"II. Because his Honor erred in sustaining the second ground of the demurrer herein, which is as follows: 'That by the will of the said R. B. Robinson only such child or children of the said Benj. F. Robinson living at the time of his death, took any interest with said Benj. F. Robinson under said will.' It is respectfully submitted that, as there was no child at all of B. F. Robinson *in esse* at the death of said B. F. Robinson, there was no one to take as the representatives of the class (B. F. Robinson's children), along with B. F. Robinson, to the exclusion of after-born children of said class.

"III. Because his Honor erred in sustaining the third ground of the demurrer herein, which is as follows: 'That the plaintiff, born in the year 1883, could not become a tenant in common with his father, Benj. F. Robinson, under the will of the said R. B. Robinson, who died in the year 1880.' It is respectfully submitted that the plaintiff, born after the testator's death, and taking by way of executory devise, would take at his birth as a co-tenant of B. F. Robinson (or his assigns), under the terms of the will.

"IV. Because his Honor erred in holding that no definite and determinate proportion of the real estate involved in this action was devised by the testator, R. B. Robinson, to children of B. F. Robinson; whereas, said proportion is fixed by law, under the will.

"V. Because his Honor erred in holding that under the

will in this case, the entire tracts of land here involved are to be divided between the two ascertained individuals, Hannah Kay and B. F. Robinson, and their children, so that each child should share equally with the ascertained individuals and with every other child; whereas, under the law, Hannah Kay having predeceased testator, B. F. Robinson, and Elizabeth Kay Gaddis—the only child of Hannah Kay—share equally, and the children of said B. F. Robinson (wholly unascertained at the death of B. F. Robinson, the testator) take collectively a share equal to the share of each of these other persons, B. F. Robinson and Elizabeth Kay Gaddis.

"VI. Because his Honor erred in holding that the quantity of land to be taken by each of the devisees under the clause of the will here involved was made to depend upon the total number of children who were to share in the estate; whereas, each, Elizabeth Kay Gaddis and B. F. Robinson, took one share, and the children of B. F. Robinson (being an unascertained class) would collectively take one share, said three shares being equal.

"VII. Because his Honor erred in holding that the gift being immediate, the shares of each was fixed by the number in existence at the testator's death; whereas, only the shares of the ascertained takers were fixed at the testator's death, and the unrepresented class, the children of B. F. Robinson, would collectively take one share equal to the share of each ascertained taker.

"VIII. Because his Honor erred in holding that Elizabeth Kay Gaddis and Benj. F. Robinson were entitled to partition and to their several shares of the lands devised on the death of the testator, and that this right of partition would necessarily exclude the after-born children of B. F. Robinson. It is respectfully submitted, (1) that Elizabeth Kay Gaddis and B. F. Robinson could have no right to partition said lands that would be paramount to the expressed will of the testator that B. F. Robinson's children should take an interest, and destructive of that expressed intention, since none of said children was *in esse* at the death of testator, and there

could be no service of process upon them; (2) that if they, Elizabeth Kay Gaddis and B. F. Robinson, had the right to partition, it does not appear on the face of the complaint that they, or their assigns, ever, before the birth of plaintiff or afterwards, attempted to exercise this right and thereby bar this plaintiff.

"IX. Because his Honor erred in holding that Benj. F. Robinson and Elizabeth Kay Gaddis took to the exclusion of the after-born children of B. F. Robinson, for the same reason that the children *in esse* at the death of the testator will take to the exclusion of after-born children, in a case where lands are devised immediately to children as a class. It is respectfully submitted that this is an incorrect rule— there being *in esse* at the death of testator, R. B. Robinson, no representative whatever of the class designated in his will as the children of B. F. Robinson.

"X. Because his Honor erred in dismissing plaintiff's complaint and in holding, in effect, that plaintiff has no cause of action herein, and that he takes no interest whatever under the will of R. B. Robinson; whereas, said will expressly provides that the children of B. F. Robinson take an interest in the lands herein involved, and it appears that the plaintiff is the first born and only living representative of that class.

"XI. Because his Honor erred in sustaining defendant's demurrer on the grounds not raised by said demurrer, to wit: In holding that Elizabeth Kay Gaddis and Benj. F. Robinson were entitled to partition and to their several shares of the lands devised upon the death of the testator, and that his right of partition would necessarily exclude the after-born children of B. F. Robinson."

We will now pass upon the questions suggested by the appellant. It is clear to us that the testator by the language used in his will, evidenced his purpose or intention that his sister, Hannah Kay, and her own children, heirs of her body, and his nephew, B. F. Robinson, and his children, as long as

they lived should share alike the landed estate as described in the decree. When the testator died, his sister, Hannah Kay, was already dead, having one child, Elizabeth Kay, who afterwards married Gaddis; she still lives and his nephew, Benjamin F. Robinson, was then unmarried and childless. This nephew two years after the death of his uncle, the testator, married and the issue of that marriage now alive is the plaintiff, B. C. Robinson, who was born the 1st of June, 1883. The serious question presented is: was there any period of time or designation of event made by the testator as to when his devise went into effect other than the date itself of the death of the testator? We must confess that we can find nothing in the will which fixes another period than the date of the death of the testator. It is admitted that the testator might, if he had seen proper so to do, have fixed a period in the future to have the devises vested, this he could do in explicit terms, or he might have done so by the use of words affixing such vesting of the devises upon events in the future after his death. A very apt illustration is furnished by the cases of *Myers* v. *Myers,* 2d McCord's Equity, 256; *DeVeaux* v. *DeVeaux,* 1st Strob. Eq., 283; *Goddard* v. *Wagner,* 2d Strob. Eq., 1. It will be noticed that in the case of *Gore* v. *Gore,* 2 Peere Williams, 28, the time fixed for the vesting of devises was that of the birth of a son of a son, but the testator was careful in that case to place the fee in trustees in order that the devise might take place.

In the case of *Barksdale* v. *Macbeth,* 7th Rich. Eq., the testator provided that, only in the event of a child surviving testator's daughter, Sarina, the devise should become effective. As, also, in *Perdriau* v. *Wells,* 5th Rich. Eq., 20, it was provided that the devises should not take effect until after the death of a life tenant. And in the case of *Cole and others* v. *Creyon,* 1st Hill's Chanc., 311, a life estate was carved out and the devises therein provided were not to take place until after the death of a life tenant therein named. But it is claimed by the appellant here that if the plaintiff had been

*in esse* at the time testator died, followed afterwards by the death of his father, B. F. Robinson, that no difficulty would have existed in regard to his share of testator's estate, and he also claims that notwithstanding he, the plaintiff, was not alive at the death of the testator, yet by reason of an executory devise he became entitled to hold as legatee.

An executory devise of lands is such a disposition of them by will that thereby no estate is vested at the death of the devisor, but only on some future contingency—2 Blackstone, 173; Kent's Com., vol. 4, 279. Mr. Blackstone, in book 2, 173, lays down three rules applicable to such cases; he distinguishes executory devises from remainders. First—That it needs not any particular estate to support it. Second—That by it a fee simple, or other less estate, may be limited after a fee simple. Third—That by this means a remainder may be limited of a chattel interest, after a particular estate for life created in the same. No contingency in either one of these three classes can be said to exist. In order that an estate may vest during a life or lives in being and one and twenty years, it must not offend against perpetuities. B. F. Robinson, a young man, and his children, if his children should live, presented the possibility at the death of the testator of tying up the estate for more than one hundred years, or there was a possibility of the young man, B. F. Robinson, marrying and having children born to him more than one and twenty years afterwards, and a possibility of more marriages than one; those later in life to a younger woman than the first (a possibility of having children born to him up to seventy years or more) and a possibility of one or more of those children living to the age of seventy or eighty years, and as those children are born, each one would be entitled to come in and have a new partition made, in order to get their respective interests in said lands. Those possibilities are fatal to appellant's claim. It makes no difference if appellant happen to be born within the period. If possibly others might be born beyond the period, it is fatal to all. The fact that B. F. Robinson died within the twenty-one

years, and the fact that the appellant was born within that period, cannot change the result. The law of the case fixed the rights of all parties at the death of R. B. Robinson, and at that date the possibility of B. F. Robinson becoming a father of one or more children fifty years afterwards and those children living seventy or eighty years, affects them all under the law against perpetuities, those born within the twenty-one years as well as those born after that period.

Again, when we look at the will in the case at bar, it will be seen that the devise to B. F. Robinson, and Elizabeth Kay Gaddis, the daughter of Hannah Kay, deceased, during their lives, share and share alike with the remainder in fee to Ezekiel Harris, the respondent, vested in said parties at the date of the death of the devisor. Applying the rule in Wild's case, 6th Coke, 17, the case at bar will fall under the first proposition in said case, and that proposition is as follows: "If A. devises his lands to B. and to his children or issues, and he hath not any issue at the time of the devise, that the same is an estate tail for the intent of the devise is manifest and certain that his children or issue should take, and as immediate devises they cannot take because they are not *verum natura,* by way of remainder they cannot take, for that was not his intent, for the gift is immediate, therefore such words are words of limitation."

It seems to us that the law regulating executory devises will shut out the plaintiff upon any reliance thereon, so, therefore, we must overrule the first exception because the plaintiff not being *in esse* at the death of the testator, does not take under the will by way of executory devise, nor can the second exception be sustained, for although there was no one to take as the representative of the class of B. F. Robinson's children along with B. F. Robinson, yet the will so required, as declared by the testator, who himself fixed the date at which all devises should take. We cannot sustain the third exception, because the plaintiff cannot take by way of executory devise as a co-tenant of B. F. Robinson or his assigns.

The fourth exception is untenable, because no definite and determinate proportion of the real estate was devised by the testator, they not being *in esse* at testator's death, at which time the will took effect.

We cannot sustain the fifth exception, because under our view children of said B. F. Robinson could not take a share equal to the other two persons, B. F. Robinson and Elizabeth Kay Gaddis.

We hold the sixth exception is untenable, because the children of B. F. Robinson had no share of testator's lands when the will took effect. In the seventh exception, we do not think his Honor erred in holding that the gift here was immediate and the share of each was fixed at the testator's death.

In the eighth exception, we do not think his Honor erred in holding that B. F. Robinson and Elizabeth Kay Gaddis were entitled to a partition of the lands devised on the death of the testator, and that this right of partition would necessarily exclude the after-born children of B. F. Robinson.

In the ninth exception, we do not think there was any error, as has been already pointed out in this opinion.

In the tenth exception, we do not think the Circuit Judge erred in dismissing plaintiff's complaint and denying that plaintiff has any cause of action.

Lastly, we do not think his Honor erred in the eleventh exception in sustaining defendant's demurrer, and in holding that Elizabeth Kay Gaddis and Benj. F. Robinson were entitled to partition which would necessarily exclude the after-born children of B. F. Robinson.

As before remarked, the will takes effect at the death of the testator, and is governed by the provisions thereof.

These exceptions are, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is hereby affirmed.

MR. JUSTICE GARY *concurs in the result.*