8185

### PORTER v. LANCASTER.

1. LIMITATION OF ESTATES—OUSTER—TENANTS IN COMMON.—A DEED conveying land to my wife P. and the issue of her body by me. To have and to hold * * * unto the said P. and the issue of her body, as aforesaid, their heirs and assigns, forever, carries the fee to P. and the issue of her body by grantor living at the time of the execution of the deed as tenants in common. An adverse holding against such tenants is ouster.

2. REHEARING refused.

Before DeVore, J., Barnwell, July, 1911.    Affirmed.

Action by Sarah Porter *et al.* against Leila A. Lancaster *et al.*   Plaintiffs appeal.   The deed in question is:

"State of South Carolina, County of Barnwell.

"Know all men by these presents: That I, Charles Smith, of the State and county aforesaid, for and in consideration of the sum of five hundred dollars to me in hand paid by Priscilla Smith, of the said State and county, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said Priscilla Smith, and the issue of her body, by me, the said Charles Smith, begotten, all that certain plantation or tract of land lying, being and situate in the State and county aforesaid, being lands originally the property of W. W. Smith, deceased, containing two hundred and sixty-eight acres, more or less, and bounded by lands of O. D. A. Wilson, W. Knepton, W. Snelling, and lands late of J. J. Cater, deceased.

"Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining.

"To have and to hold all and singular the premises before mentioned unto the said Priscilla Smith, and the issue of her body, as aforesaid, their heirs and assigns forever.

"And I do hereby bind myself, my heirs, executors and. administrators, to warrant and forever defend all and singular the said premises unto the said Priscilla Smith,. and the issue of her body, as aforesaid, their heirs and assigns, against me and my heirs and against all other person or persons lawfully claiming or to claim the same or any part thereof.

"Witness my hand and seal this fourteenth day of December, one thousand eight hundred and seventy-five."

*Mr. G. M. Green,* for appellants, cites: 67 S. C. 130; 83. S. C. 270; 36 L. R. A. 188; 86 S. C. 450; McM. Eq. 347; 71 S. C. 279; 23 S. C. 238; 3 Strob. Eq. 66; 1 P. Wms. 230; 2 Id. 240; 1 D. & B. Eq. 393; 3 Rich. Eq. 158; 26 S. C. 179; 27 S. C. 378.

*Messrs. James A. Willis* and *W. H. Townsend,* contra, cite: 16 S. C. 393; 3 Rich. Eq. 576; 5 Rich. Eq. 360; 1 S. & G. 374; 83 S. C. 268; 86 S. C. 239; 89 S. C. 214.

The opinion in this case was filed on March 20, 1912, but held up on petition for rehearing until

April 18, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This case was heard in the Circuit Court on an agreed statement of facts. It appears that on the 14th day of December, 1875, Charles Smith, for a valuable consideration, conveyed a certain tract of land to his wife, Priscilla Smith, "and the issue of her body by me. Charles Smith, begotten, * * * To have and to hold all and singular the premises before mentioned unto the said Priscilla Smith and the issue of her body, as aforesaid, their heirs and assigns forever." At that time there were three of such issue alive—Sarah Porter, W. H. Smith and J. W.

Smith; afterwards there were three more—C. M. Smith, Ogretto Mock and J. L. Smith.

Mrs. Priscilla Smith mortgaged the land. The mortgage was foreclosed and the land sold to Mrs. Wilson, the mother of the respondent. Mrs. Wilson has since died and Mrs. Lancaster, the respondent, takes as one of her heirs. Mrs. Priscilla Smith and Mr. Charles Smith are also dead.

It is admitted that Mrs. Wilson and the respondent have been "in open, notorious and exclusive possession" of said land, "claiming as owner adversely to the world" since May 4, 1885.

The appellants claim that two of the issue of Charles and Priscilla Smith are not barred by the statute, hence the statute is kept open as to all.

His Honor says: "The plaintiffs contend that under the above mentioned deed Mrs. Priscilla Smith took either (1) a life estate with remainder to her children as purchasers, or (2) as a tenant in common with her children as purchasers of the land in question." To which must be added that the word 'issue' opened to admit after-born issue.

"The defendant contends that Mrs. Priscilla Smith took under said deed a fee conditional special, and having alienated the land by way of mortgage and the subsequent sale under proceedings in foreclosure, after the birth of such special issue, the purchaser at the foreclosure sale and the defendant, her heir, have good title in fee to the land in question."

His Honor decrees: "Under no view of the case are the plaintiffs entitled to recover possession of the land in dispute," and dismisses the complaint.

There are seven exceptions, but the appellant consolidates as follows: "The only question involved in this case is whether Priscilla Smith took a fee conditional under the deed of Charles Smith to Priscilla Smith and the 1 issue of her body by me, the said Charles Smith, begotten, or did Priscilla take with the issue of her

Rep.]                    April Term, 1912.

body by Charles Smith begotten as tenants in common?"
Appellant later explains that issue means issue alive at the
death of Priscilla.

Much is said about "condition special" and "the rule in
Shelley's case."

This is not a will that speaks after the execution and at
the time of the death. This is a deed and speaks on the 14th
day of December, 1875. It will be observed that there is
no life estate and no remainder. The rule in Shelley's case
has no application. The word "issue" does not occur in the
habendum alone. Substitute for the words "Priscilla
Smith and the issue of her body by me, the said Charles
Smith, begotten" the letter A and you have a conveyance
to A. and an habendum to A. and his (their) heirs and
assigns forever.

It is just an ordinary, plain deed in fee to A. On that
day there was no doubt as to who were included in the term
"issue" and it was as if he had named them, Sarah Porter,
W. H. Smith and J. W. Smith. Mrs. Smith and her three
children took as tenants in common. The land having been
held openly, notoriously and adversely against them for
more than twenty years they cannot recover. The admis-
sion of an adverse holding carries with it an ouster.

*Mendenhall* v. *Mower*, 16 S. C. 311. "The word 'issue'
is susceptible of three meanings:

(1) "It may describe a class of persons who are to take
as joint tenants with the parties named.

(2) "It may be descriptive of a class who are to take at
a definite and fixed time as purchasers.

(3) "It may denote an indefinite succession of lineal
descendants who are to take by inheritance, whenever this
word is used, either in a deed or will, it must be used in one
of these senses."

This case falls within class No. 1. In the case of *Robin-
son* v. *Harris*, 73 S. C. 469, 53 S. E. 755, 6 L. R. A. 330n,
the testator devised to A. and her own children and to B.

and his own children a tract of land. B. had no children at the date of the death of the testator, but left a son, born afterwards, who claims an interest in the land. The Circuit Judge held that as the will fixed no time for the vesting of the interest of the devisees, it vested at the death of the testator and an after-born child did not take. This Court affirmed the Circuit decree.

In *Johnson* v. *Johnson*, McM. Eq. 347: "As is said in Wild's case, 6 Co. 16, which has been followed as familiar law ever since, that if lands are devised to A. and his children, who have children living at the time, they take as joint tenants or tenants in common."

In *Wallace* v. *Craig*, 27 S. C. 524, 4 S. E. 74, the rule is thus stated: "In Wild's case, 6 Coke 16, as follows: If A. devises his lands to B. and his children or issue, and he then have children or issue of his body, then his express intent may take effect according to the rule of the common law and no certain and manifest intent appears in the will to the contrary, therefore, in such case, they shall have but a joint estate."

This case is followed in *Foster* v. *Glover*, 46 S. C. 540, 24 S. E. 370, and elsewhere. See also the case of *Reeves* v. *Cook*, 26 S. C. 275. In that case after-born children were provided for; in this case they were not.

The judgment of this Court is that the judgment of the Circuit Court is affirmed.

Petition for rehearing refused by formal order filed March 18, 1912.