## 11783

### THOMSON v. RUSSELL *ET AL.*

#### (128 S. E., 421)

1. WILLS—GREAT GRANDCHILDREN OF TESTATRIX, LIVING AT TIME OF HER DEATH, HELD NOT ENTITLED TO TAKE UNDER WILL; "ISSUE."— Under will by which testatrix devised her property to her children "and their issue, share and share alike, to them and their heirs forever," great grandchildren of testatrix, living at time of her death, were not entitled to take.

2. WILLS—"ISSUE" OR "HEIRS OF THE BODY" ARE WORDS OF PURCHASE WHEN USED IN GIFT FOLLOWED BY WORDS AS "SHARE AND SHARE ALIKE" AND "TO THEM AND THEIR HEIRS FOREVER."—When the words "share and share alike" and "to them and their heirs forever," following a gift to a person and his "issue" or "heirs of the body," are used, the words "issue" and "heirs of the body" are changed from words of limitation, and become words of purchase.

3. WILLS—RULE IN SHELLEY'S CASE HELD INAPPLICABLE TO DEVISE TO TESTATRIX'S CHILDREN AND "THEIR ISSUE, SHARE AND SHARE ALIKE." —Where testatrix devised her property to all her children and "their issue, share and share alike, to them and their heirs forever," *held,* rule in Shelley's Case, did not apply, and the "issue" took as purchasers.

4. WILLS—DEVISE OF PROPERTY TO TESTATRIX'S CHILDREN AND THEIR "ISSUE," "SHARE AND SHARE ALIKE," CONSTRUED.—Where testatrix devised certain property to particular daughter for life, and after her death to all her children and "their issue, share and share alike, to them and their heirs forever," *held,* word "issue" embraced grandchildren, and that, on death of testatrix, living children and grandchildren were entitled to participate equally in estate.

5. WILLS—COURTS WILL NOT INTERPOLATE WORDS IN ARRIVING AT TESTATOR'S INTENT, UNLESS AMBIGUITY EXISTS.—Courts, in construing will, will not interpolate words in arriving at true intent of testator, unless ambiguity exists.

Before FEATHERSTONE, J., Abbeville, June, 1924. Reversed.

Note: On meaning of term "issue" when used as a word of purchase, see comprehensive note in 2 A. L. R., 930, *et seq.*

On rule in Shelley's Case as applied to wills, see note in 29 L. R. A (N. S.), 1038.

Action by S. G. Thomson, Administrator C. T. A. of Maria Antoniette Russell against Antoniette Russell, Joseph Russell Lawson and others, for the construction of a will. From the decree rendered defendants appeal.

The Circuit Decree was as follows:

The above stated action is brought primarily to secure a construction of the last will and testament of Mrs. Maria Antoniette Russell, deceased, and comes on for hearing before me at Chambers at Greenwood, S. C., by the consent of all parties. She departed this life on the............day of........ 1923, leaving of force her last will and testament, a copy of which is set out in the complaint. The will was drawn by her brother, Mr. A. M. Boozer, of Columbia, a lawyer, and at one time Clerk of the Supreme Court.

The testatrix at the time of her death was survived by her four children, Antoniette Russell, who is about fifty-five years of age and unmarried, Josephine Russell Lawson, Adelide Russell Thompson and Louise Henry Russell. The defendant, Josephine Russell Lawson, had five children at the death of testatrix, who are Frances Lawson McCaw, James Russell Lawson, Hiram W. Lawson, Jr., Louis Russell Lawson and William Lemuel Lawson. The defendant, Adelaide Russell Thomson, had living at the death of the testatrix the following children: Samuel Goods Thomson, Jr., Antoniette Thomson Little and Louise Russell Thomson. Louis Henry Russell had the following children living at the death of the testatrix: The defendants, Henry Reynolds Russell, Evelyn Russell, Antoinette Russell, the younger, and Jean Russell. Four of the grandchildren of testatrix, to wit: Samuel Goode Thomson, Jr., Antoinette Thomson Little, Frances Lawson McCaw and Louis Lawson, were married and had living children (great grandchildren of testatrix) at the time of her death. These constitute the whole of the descendants of testatrix at the time of her death. All have been made parties defendant in this action, the infants being represented by their duly appointed

guardian *ad litem,* and appearing herein by their formal answers filed by such guardian *ad litem.*

The testatrix at the time of her death was seized and possessed of the house and lot in Abbeville with several acres of land adjoining valued at about eight thousand dollars ($8,000.00) to ten thousand dollars ($10,000.00). In addition, she left an estate consisting of notes, bonds and mortgages, amounting to about fifteen thousand dollars ($15,000.00). The plaintiff was duly appointed administrator of the estate of testatrix, with her will annexed, and has qualified as such. The parties interested not being agreed as to a proper construction of the will of the testatrix, at the suggestion of all parties the administrator has brought this action in order to have the said will construed as above stated. The two clauses whose provisions are in question are the second and third of the will. These two clauses are as follows:

"II. I desire and so devise that my daughter Nettie Russell, shall have and enjoy our old home place and premises during the time of her natural life, and after her death, I devise the same to all my children and their issue, share and share alike to them and their heirs forever.

"III. I desire and devise that all the rest and residue of my property, real and personal, shall go to all my children, including Nettie Russell, and their issue, share and share alike, to them and their heirs forever."

It is admitted by all parties that the defendant, Antoinette Russell, called Nettie Russell in the will a daughter of the testatrix, takes the home place and premises during her natural life, and that she has no further interest in the property described in the second clause of the will. Leaving her out of consideration, the other provisions of the second clause are much like the provisions of the third clause. Under the second clause the children of the testatrix, other than Nettie Russell, are interested in the remainder, while under the third clause the defendant, Antoinette Russell

(Nettie Russell) is interested in the other property of the testatrix along with the other children.

The question which is made is as to the clause devising and bequeathing the property to children "and their issue, share and share alike, to them and their heirs forever." The plaintiff and some of the parties claim that under the second clause the three (3) children of the testatrix, other than Nettie, take a life estate in the property after the death of Nettie Russell, with remainder to their issue in fee, "issue" being construed by them as synonymous with "heirs of the body" and taking as purchasers. Likewise they contended that under the third clause the rest and residue of the property goes to the four (4) children of testatrix for life in equal shares, with remainder as to each of the children to his or her issue in fee as purchasers. On the other hand, the defendants, Josephine Russell Lawson, Louis Henry Russell, and their children contend that the "issue" of children take concurrently with children and that under the facts in this case the estate should be divided in equal shares and amongst the children and grandchildren the latter answering the description of "issue" according to this contention. All of the children and grandchildren contend that great-grandchildren do not now take under the will, although they have been made parties and are represented in this hearing by their guardian *ad litem,* J. Moore Mars, Esq., who has presented an argument in their behalf.

Upon consideration of the questions presented after hearing the arguments of counsel, I have concluded as follows:

1. That under the second clause of the will the defendant, Antoinette Russell, the daughter of testatrix, takes a life estate in the old home place and premises, with remainder for life to the other three (3) children, Josephine Russell Lawson, Adelaide Russell Thomson and Louis Henry Russell, with remainder to their issue, "issue" being synonymous with "heirs of the body," that is to say Josephine Russell

Lawson takes a one-third (1/3) interest for life in remainder after the death of Nettie Russell, with remainder in fee to her issue in fee, and so with the shares given to Adelaide Russell Thomson and Louis Henry Russell.

2. That under the third clause of the will each of the four children of testatrix takes a one-fourth ($\frac{1}{4}$) interest in the rest and residue of the property therein mentioned for life, with remainder in fee in each case to the "issue" of such life tenant, that is to say the defendant, Josephine Russell Lawson, takes an undivided one-fourth ($\frac{1}{4}$) interest in such property for the term of her life, with remainder after her death to her issue in fee as purchasers; and so with the share of Adelaide Russell Thomson and the share of Louis Henry Russell, and so with the share of Antoinette Russell. Under this construction of the will the share given to Antoinette Russell under the third clause of the will for the term of her life will become intestate property at her death, should she die without issue, and the same will go to the heirs-at-law and distributees of the testatrix in accordance with the statute.

In determining the question presented to me, I have given consideration to the cases cited by the several parties, though I do not review the cases in this Decree. My construction of the two (2) clauses is that the words "them" and "their," preceding the words "heirs forever" at the end of the two clauses, modify and relate back to the word 'issue," and not to the word "children," and so construing the two clauses I hold that the primary objects of the bounty of testatrix were her own children who were intended to take for life and that those who answer the description of "issue," which I hold to be synonymous with the words "heirs of the body," take. in remainder as purchasers in fee.

It is further ORDERED, ADJUDGED and DECREED that the old home place and premises be set off to the defendant, Nettie Russell, for the term of her natural life, and that at her death the same be divided in equal shares between the

other three (3) children of testatrix, to wit: Josephine Russell Lawson, Adelaide Russell Thomson and Louis Henry Russell, each to hold his or her share for life, and after the death of each of these life tenants in remainder his or her share, as the case may be, to go to his or her issue in fee as purchasers, "issue" being construed as synonumous with "heirs of the body."

It is FURTHER ORDERED that the property as devised and bequeathed by the third clause of the will be divided into four equal shares, one share of which is to become the property of each of the children of testatrix for his or her life and at his or her death, as the case may be, his or her share to go to his or her issue, "issue" being construed in this connection as equivalent to the words "heirs of the body," and the issue taking in remainder in fee as purchasers.

Inasmuch as by far the larger amount of the property disposed of by the third clause of the will consists of personal property, and, inasmuch as the children of testatrix take thereunder as life tenants, with remainder in fee in each case to his or her issue, it is necessary that the Court make provision for the protection of the estates, so that at the death of each life tenant his or her share may be paid over to his or her issue, if any; if none, then to the parties entitled thereto.

IT IS FURTHER ORDERED THAT the share of each of the life tenants be paid over to a trustee, to be named by the Court, in each case upon the application of any of the parties interested after notice to the other interested parties, and that the income in each case be paid by such trustee to the life tenant during his or her life, and at his or her death the corpus be turned over to the parties then entitled thereto in accordance with the terms of this order. Each trustee shall give bond to be approved by the Clerk of this Court in double the amount of the funds turned over to him. The funds, in the meantime, are to be invested by the several

trustees as shall be directed by the Court in making the appointment of such trustees, with leave to either of the life tenants herein upon notice to the remaindermen in such case to apply for a reinvestment of such funds in other property, to be held, however, subject to the terms of the will of the testatrix.

In this case the Court has appointed a guardian *ad litem* for the great grandchildren who are made parties defendant herein. They are minors of tender age and have no estate of their own, and, for that reason, the guardian *ad litem* should be paid for his services from the funds of the estate. The executor is likewise entitled to a reasonable fee for the services of his attorney. The attorney representing Josephine Russell Lawson and Louis Henry Russell also represents their children, who have an interest in the estate, and most of whom are minors, and a fee should be fixed by the Court to be paid to such attorney from the shares of the estate going to these parties.

\* \* \* \* \* \* \*

IT IS FURTHER ORDERED that any of the interested parties to this action may apply at the foot of this decree for the appointment of a trustee for any of the shares of the estate as above determined, which trustee shall hold such share subject to the terms of this decree, and likewise any of the parties may apply at the foot of this decree for such further orders and decrees as may be necessary to carry this decree into effect.

*Messrs. Weston & Aycock,* for appellant, cite: *"Issue" a word of purchase here and rule in Shelley's Case does not apply:* 16 S. C., 290; 1 Strob. Eq., 344; 3 Rich. Eq., 599; 23 S. C., 42; 52 S. C., 554; 37 S. C., 265; 102 S. C., 7; 29 L. R. A. (N. S.), 1081. *Great grandchildren are excluded:* 1 Strob. Eq., 344; 3 Rich. Eq., 559; 23 S. C., 42; 16 S. C., 290; 37 S. C., 255; 36 S. C., 38; 27 S. C., 479; 84 S. C., 71; 91 S. C. 300; 89 S. C., 198; 102 S. C., 7. *No definite time being fixed for distribution the gift vests only in those*

*of the designated class living at the time of testator's death:*
2 McC., 214; 68 S. C., 335; 86 S. C., 331; 9 Rich. Eq., 459.
*Construction of will must be adopted without regard to consequences:* 102 S. C., 7. *Intention must be found in the words used properly interpreted:* 26 S. C., 179; 19 S. C., 297; 36 S. C., 38; 124 S. C., 443; 10 S. C., 354; 16 S. C., 290. *Meaning of the word "issue":* 16 S. C., 303; Bailey Eq., 543; 1 Rich. Eq., 404; 2 A. S. R., 963; 5 Rich. Eq., 301; 27 S. C., 479; 31 A. S. R., 799; 9 Rich. Eq., 459; 2 Hill Ch., 41; 37 S. C., 255; 7 Rich. Eq., 125; 91 S. C., 300; 80 S. C., 94; 72 S. C., 179; 71 S. C., 275. *Court should not create life estate in will:* 41 S. C., 249. *Partial intestacy should be avoided if possible:* 31 S. C., 408.

*Mr. William P. Greene,* for respondents, cites: *"Issue" is equivalent to "heirs of the body":* 1 Rich. Eq., 412; 83 S. C., 265; 86 S. C., 237; 90 S. C., 10; 89 S. C., 198. *Effect of use of the words "share and share alike":* 16 S. C., 290; 4 Rich. Eq., 387; 10 S. C., 366; 2 Hill Law, 330; 52 S. C., 562; 89 S. C., 212. *Estate passed to ancestor if living then to issue in fee:* 17 Enc. L., 551; Rood Wills, 556; 3 Jarman Wills, 205; 16 S. C., 303.

June 10, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JAMES W. JOHNSON.

Mrs. Maria Antoinette Russell, late of the city of Abbeville, died in 1923, leaving in force a last will and testament. She left surviving her four children, to wit: Mrs. Josephine Russell Lawson, Miss Antoinette Russell, Doctor Louis Henry Russell, and Mrs. Adelaide Russell Thomson. At the time of the death of testatrix, Mrs. Lawson had five children, Doctor Russell four and Mrs. Thomson three; Miss Antoinette Russell not having married. There were also living at that time several great-grandchildren.

All parties are before the Court, and the purpose of this action is to construe the will. Testatrix was, at the time of

her death, the owner of a house and lot in the city of Abbeville, known as the "home place," which is covered by paragraph two of the will. The remainder of her property consists of household effects and certain notes and mortgages, valued at about fifteen thousand dollars.

Two paragraphs of the will are before the Court for construction, to wit, the second and third, which are as follows:

"II. I desire and do devise that my daughter, Nettie Russell, shall have and enjoy our old home place and premises during the term of her natural life; and after her death, I devise the same to all my children and their issue, share and share alike, to them and their heirs forever.

"III. I desire and devise that all the rest and residue of my property, real and personal, shall go to all my children, including Nettie Russell and their issue, share and share alike, to them and their heirs forever."

Construing the will, Judge Featherstone held that under paragraph two Miss Antoinette Russell, called Miss Nettie Russell, took a life estate in the home place, with remainder after her death to the other three children of Mrs. Russell for life, with remainder after the death of each to his or her issue, as the case might be, the issue taking in remainder the share each parent held in his or her lifetime. A like construction was placed upon paragraph three of the will, it being held that each of the four children took a life estate in the property therein disposed of, and that the share which each child took for life at his death descended to his or her issue as purchasers.

The exceptions, six in number, assail this construction of the will, the sole contention of defendants appellants being that, under both paragraphs two and three of the will, the children and their immediate issue take per capita as tenants in common. It is admitted by all the parties to this action that Miss Antoinette Russell called Nettie Russell in the will, takes, under paragraph two of the will, the home place

and premises during her life and has no other interest in that property.

Under the terms of this will great-grandchildren do 1, 2 not take. *Myers v. Anderson,* 1 Strob. Eq., 344; 47 Am. Dec., 537. *McLure v. Young,* 3 Rich. Eq., 577. *Fields v. Watson,* 23 S. C., 46. *McIntyre v. McIntyre,* 16 S. C., 290. *Dukes v. Faulk,* 37 S. C., 255; 16 S. E., 122; 34 Am. St. Rep., 745. Plaintiff contends, and we believe, defendants concede that when the words "share and share alike" and the words "to them and their heirs forever," following a gift to a person and his "issue" or "heirs of the body," are used, that the words "issue" and "heirs of the body," are changed from words of limitation, their ordinary meaning, and become words of purchase. This doctrine is supported by numerous authorities: *McIntyre v. McIntyre,* 16 S. C., 290. *Hay v. Hay,* 4 Rich. Eq., 387. *Simons v. Bryce,* 10 S. C., 366. *Henry v. Stewart,* 2 Hill Law, 330. *Simms v. Buist,* 52 S. C., S. E., 959; 2 A. L. R., 918. *Myers v. Anderson,* 1 Strob. Eq., 344; 47 Am. Dec., 537. *McLure v. Young,* 3 Rich. Eq., 576. *Dukes v. Faulk,* 37 S. C., 265; 16 S. E., 122; 34 Am. St. Rep., 745.

So that when testatrix devised her property to her 3, 4 children and their issue, and added the words "share and share alike, to them and their heirs forever," the rule in *Shelley's Case* did not apply, and the "issue" took as purchasers. The question then before the Court is, what interests do the children and grandchildren of testatrix take under the will, and when do they take?

Plaintiff contends that the word "issue," as used in the will in question, must be construed as meaning "heirs of the body," and, that being true, no person could take under this designation along with children at the death of testatrix, for the reason that at such time none of the grandchildren would fall within the description "issue" or "heirs of the body." While this position is plausible, it is not convincing, nor is it supported by authority.

The word "issue" in will is generally equivalent to heirs of the body, though the latter are stronger and more technical words. *Whitmore v. Stuckey,* 1 Rich. Eq., 412. *Adams v. Verner,* 102 S. C., 7 ; 86 S. E., 211. It may mean children. *Burleson v Bowman,* 1 Rich. Eq., 111. *Williams v. Kibler,* 10 S. C., 426. It embraces grandchildren. *Rutledge v. Rutledge,* Dud. Eq., 201. *Glenn v. Glenn,* 21 S. C., 308. *Purcell v. Purcell,* Riley Eq., 282.

It is said in *Mendenhall v. Mower,* 16 S. C., 303, that the word "issue" means: (1) A class of persons to take as joint tenants with other parties named. (2) A class who are to take at a definite period as purchasers. (3) An indefinite succession of lineal descendants who are to take by inheritance.

Plaintiff contends, further that the Court should read into both paragraphs of the will the words "for life, and after their death to their" issue. If the Court should do this, it seems to me that it would be usurping the functions of testatrix. Courts are not charged with making, but they are charged with construing wills. It often happens that in construing wills the Courts are compelled to interpolate words in order to arrive at the true intention of the testator. But this is never done where there is no ambiguity in the will. To my mind the terms of this will are clear. I think testatrix meant by the word "issue" to embrace granchildren. This view violates no rule of construction. It applies the definition to the word issue that is authorized by the decisions of our Courts, and, I submit, carries out the intention of a testatrix. Testatrix knew how to create a life estate. This is shown by reference to paragraph two of the will. If she had desired to create a life estate in her children, with remainders to their issue as purchasers, she would, doubtless, have done so just as she did in the case of Miss Antoinette Russell. She did not see fit to do so, and this Court must construe the will so as to carry out her intention.

We think the following authorities are applicable to the facts of this case: *Porter v. Lancaster,* 91 S. C., 300; 74 S. E., 374. *Hagan v. Hanks,* 80 S. C., 94; 61 S. E., 245. *Conner v. Johnson,* 2 Hill Eq., 41. *Dukes v. Faulk,* 37 S. C., 255; 16 S. E., 122; 34 Am. St. Rep., 745. *Reeves v. Cook,* 71 S. C., 275; 51 S. E., 93. *Henry v. Archer,* Bailey Eq., 543. *Wessenger v. Hunt,* 9 Rich. Eq., 459.

In *Porter v. Lancaster, supra,* the deed conveyed land to grantor's wife and the issue of her body by him.

"To have and to hold unto the said P. and the issue of her body * * * their heirs and assigns forever."

Held: deed carried the fee to P. and the issue mentioned living when deed executed as tenants in common.

In *Hagan v. Hanks, supra,* the limitation reads:

"Share and share alike, between all my living sisters, or the lawful bodily heirs of any who may not be living."

Court held that division should be made between living sisters and the lawful bodily heirs of deceased sisters per capita.

In *Connor v Johnson,* Harper, writing the opinion, it is said:

"I consider it to be very well settled, that if there be a devise to an individual designated by name, and to other individuals designated as a class, as to A. and the children of B.; or if it be to the children of A. and the children of B., all the individuals take equally, and per capita. So, if the devise is to the next of kin, they will take per capita, and not per stirpes [citations]."

In *Dukes v. Faulk,* the devise was to "heirs of the body, share and share alike, their heirs and assigns." After discussion of the authorities, the Court said (at page 266 [16 S. E., 127]):

"We think we may now announce as the law of this commonwealth, that, when the words 'heirs of the body,' occur in a devise, accompanied by the words, 'share and share alike,' or 'equally,' or 'in equal parts,' or kindred

words, and also the words, 'their heirs, executors, administrators, and assigns,' that we must look to the statute of distributions of our State for the parties who shall answer the description, and, therefore, take the devise, but that the method of distribution is fixed by the devise itself to be per capita, and not per stirpes, and that the estate is one of purchase and not of descent."

In *Reeves v. Cook* the deed was to A. and the heirs of her body which she has or may have by B. her husband. Held: that a fee simple was conveyed to A. and her children by B. as tenants in common. His Honor, the Circuit Judge, laid much stress on the words "them" and "their" appearing at the close of each paragraph. He held that the words them and their preceding the words "heirs forever" at the end of the two clauses in question modify and relate back to the word "issue" and not to the word "children." We do not agree with the construction his Honor has placed upon these words. Our construction of these words in the connection in which they appear is that they relate back to the words "children" and "issue" or, as we have construed "issue," to "children" and grandchildren."

The exceptions to the decree of the Circuit Judge are sustained.

Reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE FRASER dissents.

MR. JUSTICE COTHRAN did not participate.

MR. JUSTICE FRASER, (dissenting). I dissent from so much of Mr. Justice Johnson's opinion as excludes the great-grandchildren.

I do not deem it necessary to cite authorities, as the rule is well settled that where there is a gift to a class, to be divided among the class share and share alike, all those who compose the class are entitled to an equal share. The word here used is "issue," and it means lineal descendants to the

remotest degree. When the word used is "heirs" or "heirs of the body," then we go to the statute to determine who are the heirs. The words "issue" is not refined by the statute and the general meaning governs, and the great-grandchildren are as truly issue as the grandchildren. To say "issue" means "immediate issue" is to add words to the will and exclude from the class those who are not excluded by the will. In this case we cannot construe the word "issue" to mean "heirs of the body" and give the grandchildren a share, unless their parents are dead. The words "heirs of the body" would necessarily be words of limitation, and not of purchase. "No one is an heir of the living." It is said that the intention must govern. That is true, but the expression means intention of the will, and not the intetion of the testatrix. When well known techical words are used, they must be give their technical meaning, unless the will itself shows a different meaning. There is not a proposition above stated that needs the citation of authority. Why deprive these great-grandchildren of that share given to them by this will? Could the testatrix have intended to provide for grandchildren? The love of grandparents for their grandchildren is well known. Has the love exhausted itself with grandchildren? It may be that these great-grandchildren need the money now more than they ever will again. That is speculation; but whether they do or not, in my judgment the law gives it to them.

For these reasons I dissent.