14199

McQUAGE *ET AL.* v. CALHOUN *ET AL.*

(188 S. E., 164)

*Mr. J. K. Owens,* for appellants,

*Messrs. Rogers & Ellerbe, Stevenson & Lindsay* and *Tison & Miller,* for respondents,

January 3, 1936.

The opinion of the Court was delivered by Mr. Justice Baker.

Decree of Judge Dennis, directed to be reported, follows:

This matter comes before me on the testimony taken by Henry A. Rogers, Esq., as special referee. The referee has, as directed in the order of reference, reported the testimony without any conclusions as to law or fact.

The matter involves the construction of the will of James S. Quick. The following are pertinent facts appearing in the testimony, and are undisputed: James S. Quick died in 1873, leaving a last will and testament, which is before the Court. At the time of his death he left a widow, Cynthia Quick, and two daughters, Mary J. Grooms and Margaret A. Quick. At this time Margaret A. Quick had three children. Mar-

garet A. Quick died in 1934. Cynthia Quick died in 1875. The plaintiff, Mary Quick McQuage, is the only living child of Margaret A. Quick, and the other plaintiffs are grand-children of Margaret A. Quick. After the death of James S. Quick, the property described in the complaint was con-veyed by deeds, to which Margaret A. Quick was a party, to the ancestors and predecessors in title of the defendants, who are in possession of same, claiming under written in-struments an unbroken chain of title for over fifty years.

It further appears from the testimony, and I so find, that none of the plaintiffs nor their ancestors, grantors, or prede-cessors have been actually seized or possessed of any of the property in dispute for more than fifty years, next pre-ceding the commencement of this action.

The defendants have pleaded the forty, twenty (Code 1932, §§ 385, 387), and ten-year statutes of limitation.

The plaintiffs claim title to the land under the will of James S. Quick, and it therefore becomes necessary to con-strue said Will. Item two of said will reads as follows: "I will and bequeath to my wife, Sintha Quick, a lifetime in-terest in one-half of my personal property and real estate —provided that she will remain on the said premises and re-main single during her natural life—my will and desire is, as soon as she leaves the premises or should she marry any person after my death—that the one-half interest above mentioned be immediately turned over to my daughter, Mar-garet A. Quick, and her heirs." The fourth item reads as follows: "I will and bequeath to my daughter, Margaret A. Quick, and the lawful heirs of her body, their executors, heirs and assigns—the remaining portion of my estate both personal and real estate, also all moneys, credits, goods and chattels of all and every description owing or coming to me in any way, shape or manner whatever." Item fifth: "Should my wife strictly comply with the second clause of my will as above stated during her natural life and widowhood— after her death my desire is all of said interest be turned

over to my daughter, Margaret A. Quick, and her heirs as above stated."

Plaintiffs contend that item two provides for the one-half interest given to Cynthia Quick for life to go at her death under the provision of Paragraph four above; while defendants contend that it goes to Margaret A. Quick in fee as provided in Paragraph five, and the concluding words of Paragraph five "as above stated" refer to the provisions of the second paragraph and not of the fourth paragraph. Under the findings hereinafter set out, this question would become academic, for the plaintiffs could not recover regardless of whether it referred to Paragraph two or Paragraph four. However, it is apparent to me that Paragraph four has nothing whatever to do with that portion of the estate devised in Paragraph two to Cynthia Quick for life, and after the death of Cynthia Quick, Margaret A. Quick took a fee-simple title to that one-half of the property.

The real bone of contention is over the construction of Paragraph four of the will. Margaret A. Quick conveyed away the property more than fifty years ago, having issue born at the time. Therefore, if the devise to her in Item four of the will was a fee conditional, a good fee-simple title passed to her grantees and by subsequent conveyances to the defendants. If the words "lawful heirs of her body" in Item four were used as words of purchase in the restricted sense of children, then the devise was to Margaret A. Quick and those answering the description of the class (lawful heirs of the body used in the restricted sense of children) at the time of the death of James S. Quick, when the will took effect, as tenants in common. Under this construction, plaintiffs could not recover, for none of them have been in possession of the property for more than fifty-five years, and they are barred by the statutes which were pleaded by the defendants.

In order for the plaintiffs to have any ground upon which to stand, it would be necessary for Margaret A. Quick to have been given a life estate with a re-

mainder to them as purchasers. Plaintiffs do not even contend that Margaret A. Quick was given a life estate, but stated that in some way the title was suspended so that they could claim the property after the death of Margaret A. Quick. This could not obtain, for certainly there must have been some intervening supporting estate. No life estate was carved out to Margaret A. Quick, and the Court will not write into the will a life estate for her, for this would be usurping the functions of testator, who showed clearly that he knew how to create a life estate had he intended to do so, as appears by Item two of the will. In this particular the case is on all fours with the case of *Thomson v. Russell,* 131 S. C., 529, 539, 128 S. E., 421.

The defendants contend that under Item four Margaret A. Quick took a fee conditional for that the superadded words following "to Margaret A. Quick and the lawful heirs of her body" were of doubtful import and not sufficiently clear and definite to alter the expressed fee-conditional estate. Citing *Miller v. Graham,* 47 S. C., 288, 25 S. E., 165; *Adams v. Verner,* 102 S. C., 7, 86 S. E., 211; *Strother v. Folk,* 123 S. C., 127, 115 S. E., 605, and that line of cases. They take the further position that even if the superadded words should be construed sufficient to change the words "heirs of the body" from their usual and technical use as words of limitation to words of purchase in their restricted sense, then the devise would have been to Margaret A. Quick and those answering the description of the class, to wit, her three children living at the date of the death of testator as tenants in common. It is apparent that one of these two constructions must prevail, and inasmuch as under either plaintiffs could not recover, it is unnecessary to go further. The instant clause to be construed is practically on all fours with that construed in the case of *Thomson v. Russell, supra,* but in that case the word "issue" followed by the words "share and share alike" appear, while in the instant case the more technical and apt words for creating a fee conditional "heirs of the body" are used.

It is therefore adjudged and decreed that the complaint be dismissed, and that the defendants be permitted to tax and issue execution for their reasonable costs and expenses.

This case involves the construction of a will. The decree of Honorable E. C. Dennis, Judge of the Fourth Judicial Circuit, from which appeal is taken, is adopted as the opinion of this Court, and will be reported.

Exceptions overruled.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.